UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LEO MITCHELL                                    CIVIL ACTION

VERSUS                                          NO. 11-2910

BURL CAIN                                       SECTION "J" (5)

**O R D E R**

Before the Court is Petitioner Leo Mitchell's objection **(Rec. Doc. 23)** to the Report and Recommendation of the United States Magistrate Judge (Rec. Doc. 22).  The Court adopts the Report and Recommendation of the Magistrate Judge with the following additions, for the reasons set forth more fully below.

In his objection, Petitioner argues that this Court should not adopt the Magistrate Judge's Report and Recommendation, because: (1) the Magistrate Judge incorrectly found that his counsel was effective despite his failure to object to the definition of manslaughter in the jury instructions; (2) the Magistrate Judge incorrectly found that Petitioner was not denied effective assistance of counsel as a result of a conflict that developed between Petitioner and his counsel on the day of trial; and (3) the Magistrate Judge incorrectly found that Petitioner was

not denied effective assistance of counsel by his counsel's failure to object to the definition of criminal and general intent provided in the jury instructions.  Petitioner has objected to all of the Magistrate Judge's findings with respect to these three ineffective assistance of counsel claims.

First, the Magistrate Judge properly found that Petitioner was not denied effective assistance of counsel as a result of his counsel's failure to object to the trial judge's definition of manslaughter in the jury instructions.  The Magistrate Judge correctly noted that federal habeus review is limited to questions of constitutional dimension, Castillo v. Johnson, 141 F.3d 218, 222 and 224 (5th Cir. 1998), that allegedly erroneous jury instructions are subject to harmless error review, United States v. Gaudin, 515 U.S. 506, 526 (1995), and that the alleged error in the jury instructions was harmless in the instant case.

As the Magistrate Judge observed, the state trial judge instructed the jury that:

> Manslaughter is the killing of a human being when the defendant has a specific intent to kill or inflict great bodily harm but the killing is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection.

(St. Rec., vol. 7, p. 969).

Louisiana Revised Statute 14:31, which defines the crime of manslaughter in Louisiana, provides in pertinent part, that:

A. Manslaughter is:

(1) A homicide which would be murder under either Article

> 30 (first degree murder) or Article 30.1 (second degree murder), but the offense is committed in sudden passion or heat of blood immediately caused by provocation sufficient to deprive an average person of his self-control and cool reflection . . .; *or*
>
> (2) A homicide committed, without any intent to cause death or great bodily harm.

La. R.S. 14:31. (emphasis added).

Both Louisiana Revised Statute 14:30, which defines first-degree murder, and Louisiana Revised Statute 14:30.1, which defines second-degree murder, include specific intent to kill or inflict great bodily harm as an element of the offense. La. Rev. Stat. 14:30; La. Rev. Stat. 14:30.1. Without deciding whether or not the trial judge's jury instruction was erroneous, the Magistrate Judge reasoned that the *alleged* error was harmless, because the jury found that Petitioner had specific intent to kill when it convicted him of second-degree murder.[1]

Additionally, although this Court is of the opinion that the instruction was not erroneous, even if it was, the error was harmless, because it tended to inure to Petitioner's benefit. Louisiana Revised Statute 14:31 defines two types of manslaughter, one of which requires specific intent to kill or inflict great

---

[1] This Court agrees with the Magistrate Judge's ultimate conclusions that Petitioner's counsel was effective despite his failure to object to the definition of manslaughter in the jury instructions and the Magistrate Judge's conclusion that any alleged error in the jury instructions was harmless. However, this Court has added to the Report and Recommendation to elaborate on two additional points that do not alter this Court's ultimate agreement with the Magistrate Judge's conclusions. First, this Court agrees with the state district court that the trial judge's instruction was not erroneous. Second, the Court finds that even assuming that the jury instructions were in error, they were harmless for the additional reason that the alleged error tended to benefit rather than prejudice Petitioner.

bodily harm and one of which does not.  Although section(A)(1) does not explicitly mention "specific intent to kill," it incorporates the elements of first and second-degree murder by reference, and "specific intent to kill or inflict great bodily harm," is an element of both first and second-degree murder.  La. Rev. Stat. 14:30 and 14:30.1.  Section(A)(2), on the other hand, defines manslaughter as "a homicide committed, without any intent to cause death or great bodily harm."  La. Rev. Stat. 14:31(A)(2).  The conjunctive "or" between sections (A)(1) and (A)(2) indicates that an individual can be convicted of manslaughter if the government proves the requisite elements under either section.  La. Rev. Stat. 14:31.

It is evident from the instruction that the trial judge was instructing the jury on the elements of manslaughter under section (A)(1), not section (A)(2), and that the state district court properly found that the trial judge's instruction was not in error.  Moreover, even if the instruction had been in error, the error would have benefitted Petitioner by requiring the prosecution to prove an *additional* element and, thus, increasing the prosecution's burden.  Therefore, such an error would be harmless.

As the Magistrate Judge noted, in reviewing questions of law in federal habeus petitions under 28 U.S.C. § 2254, federal district courts must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court

of the United States." 28 U.S.C. § 2254(d)(1). Here, the Petitioner did not argue that the trial court applied the wrong legal standard in rejecting his ineffective assistance claim.

Moreover, the state district court reasonably applied the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). As the Magistrate Judge noted, the state district court rejected Plaintiff's ineffective assistance argument on the grounds that specific intent *is* an element of manslaughter in Louisiana. (St. Rec., vol. 3) The Court, for the reasons expressed above, agrees. Obviously, Petitioner cannot prove, as required by Strickland, that his attorney acted unreasonably by failing to object to a jury instruction that was consistent with Louisiana law. Turner v. Quarterman, 481 F.3d 292, 298 (5th Cir. 2007) (counsel's failure to object does not render performance "deficient" for purposes of Strickland, unless the objection has merit under state law). Thus, the Magistrate Judge's ruling was correct.

Second, the Magistrate Judge properly found that Petitioner was not denied effective assistance of counsel under Strickland as a result of the trial judge's denial of Petitioner's counsel's motion to withdraw on the day of trial. The Magistrate Judge properly observed that Petitioner did not approach the showing required under Strickland. Specifically, Petitioner has not provided the Court with any evidence of what successful defense different counsel would have presented or any evidence that his

trial counsel was not devoted to his interests. Although Petitioner suggests that the trial judge should have permitted his counsel to withdraw, the record demonstrates that a decision by the trial judge to permit Petitioner's counsel to withdraw on the day of trial would have precipitated a second motion to withdraw by newly-appointed counsel. In light of the record, it is evident that the conflict between Petitioner and his counsel, which led to counsel's motion to withdraw, was a result of Petitioner's continuous vacillation on what defense strategy his counsel should use, a problem that would have persisted regardless of which attorney represented Petitioner.

Third, the Magistrate Judge properly found that Petitioner was not denied effective assistance of counsel as a result of his counsel's failure to object when the trial court erroneously used the word "defendant," rather than "offender," in describing specific and general criminal intent in the jury instructions. The Magistrate Judge correctly found that the state district court reasonably applied <u>Strickland</u> and concluded that Petitioner could not prove that his counsel's errors prejudiced him. Specifically, as the Magistrate Judge observed, the record reflects that the strong evidence against Petitioner, not his counsel's relatively slight error, resulted in his conviction.

The Court, having considered the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the Petitioner's objection, approves the Report and

Recommendation, **OVERRULES** Petitioner's objection, and adopts the Report and Recommendation as the Court's opinion in this matter with the additions explained above. Accordingly,

    **IT IS ORDERED** that the petition of Leo Mitchell for issuance of a writ of habeas corpus under Title 28 U.S.C. § 2254 is hereby **DISMISSED WITH PREJUDICE.**

    New Orleans, Louisiana this 26th day of November, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT COURT